Ruffin. C. J.
The Equity of the plaintiff against Bryant extends to Ricks, who took th'e bond after it was due, and indeed, without endorsement. And as against Bryant we think the plaintiff is entitled to the relief he asks. For the grounds of that relief we need not go farther back than the agreement of August 6, 1832. It appears, indeed, that at no time after 1826, was Taylor able to pay his debts. But however that may have been in fact, it is clear, that when Drake gave his bond, the parties considered that he had a right to return as money the debts which he had re *570 ceived as money, and as so much of the ward’s estate. It may that Bryant was not strictly bound to take them back.— n0t trou^e ourselves with that enquiry. He did agree to receive them, and there is no proof that he did not know the situation of the debtors, or that Drake represented his proceedings or the situation of the debts untruley. The only condition was, that Drake was to return such as should not be paid. No payment was made, and it is very certain, that, since August, 1832, .it has been out of the power of Drake to enforce the payment. Taylor has been all the time insolvent, and the answer states that York had before removed to such a distance as would render the expense of collection equal to the debt, or nearly so. This shews that the actual tender of the securities to Bryant would have been an idle ceremony merely, as they were worth nothing, and he must have known it. It is true, that without a tender the defence could not be available at law. But in this court the omission of it, whereby no prejudice arose to the other party, should not injure the plaintiff so far as to make him forfeit the amount of the debts, and can, at most, only affect the costs. The substance of the agreement, as we look at it here, is, that as the debts, which Bryant passed as good, had not turned out to be so, he would take them back. For ought that can be seen, they are just as available to him now, as they would have been, had the securities been put into his hands the day after he signed the agreement to enter a credit for them, if returned to him.
We do not however approve of the plaintiff’s delay in closing the business, any more than the refusal of the other party to accept the papers, when tendered, and as both parties were to blame, we do not think it a case for costs to either of them. The decree must, therefore, be for the sum, which the plaintiff was compelled to pay on the dissolution of the injunction, with interest thereon from the day of payment, and for the costs then also paid by him, which must be restored to him; and there must be an enquiry to ascertain- those sums.
Per Curiam. Decree accordingly.